UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANASTASIA OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 3532 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Samuel Der-Yeghiayan |
| TOM DART, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT THOMAS DART, SHERIFF OF COOK COUNTY'S, MOTION TO DISMISS

NOW COMES the Defendant, Thomas Dart, Sheriff of Cook County, *individually*, by and through his attorney Anita Alvarez, State's Attorney of Cook County, through her assistant, Aaron R. Bond, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Complaint for the failure to state a claim upon which relief may be granted. In support thereof, the Defendant states as follows:

### Introduction

The Plaintiff, Anastasia Owens, brings this action under the Civil Rights Act, Title 42 Section 1983 of the United States Code and challenges Defendant alleging that as a pre-trial detainee in the Cook County Department of Corrections (CCDOC) she was subjected to a shackling policy in deliberate indifference to her rights secured by the Fourth, Eight and Fourteenth Amendments of the Constitution. (Complaint, p. 3 ¶ 8).

### Background

Plaintiff makes the following allegations in her complaint filed June 8, 2010, assumed to be true for the purposes of this motion: Plaintiff alleges that she was admitted to the Cook County Department of Corrections ("CCDOC") on or about February 25, 2008 (Complaint, p.4 ¶

1

9). At the time she was admitted, Plaintiff was pregnant and at some time subsequent to her admission to CCDOC Plaintiff was assigned to the Sheriff's "Mom's program," a residential treatment program conducted outside of the Cook County Jail. (*Id*., ¶ 10). On June 8, 2008, a counselor from the Mom's program transported Plaintiff to Stroger Hospital for the purpose of delivering her baby. (*Id*., ¶ 11). During transport, Plaintiff was not handcuffed nor otherwise restrained while being transported to the hospital. (*Id*., ¶ 11). Following the birth of her child at around 10:00 p.m. on June 8, 2010, Plaintiff was allegedly shackled to her hospital bed. (*Id*., ¶ 12 & 14). Plaintiff claims that as a direct and proximate result of Thomas Dart's shackling policy, she was unreasonably restrained, subjected to punishment, and incurred great emotional and physical pain and suffering. (*Id*.,¶ 13). Plaintiff fails to allege any facts that inculpate Thomas Dart in his individual capacity. (*Id*.)

## Standard of Review

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

I.       **Plaintiff Fails to Allege A Cause of Action Against Defendant Thomas Dart in his Individual Capacity**

To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). A Plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). Plaintiff's allegations must be substantive and go beyond merely placing a defendant's name in the caption of the complaint. *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A defendant cannot be held liable by virtue of his employment or supervision of individuals who are alleged to have engaged in unconstitutional conduct. *Rizzo v. Goode,* 423 U.S. 362, 377, (1976).

Because the doctrine of *respondeat superior* does not apply in § 1983 actions, it is not enough for plaintiff to allege wrongdoing on the part of defendant's subordinates. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Vicarious liability is insufficient to hold the employer or supervisor responsible merely because of his position. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978). "An official satisfies the personal responsibility requirement of Section 1983 [only] if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). "[S]upervisors must know about the conduct and facilitate it,

approve it, condone it, or turn a blind eye for fear of what they might see. *Id*. "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id*. at 561.

Merely stating legal conclusions, without showing sufficient factual assertions, is not enough to assert the presumption of truth that is required to show a constitutional violation as Plaintiff has done here. The Court in *Ashcroft v. Iqbal,* 129 S.Ct. at 1937 (2009) held that where a respondent plead that the petitioners "knew of, condoned, and willfully and maliciously agreed to subject him to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest," that these bare assertions amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim. *Iqbal* 129 S.Ct. at 1951. The Court went on to state that as such; the allegations were conclusory and not entitled to be assumed true. *Id.* It is the conclusory nature of the allegations that disentitles them to the presumption of truth. *Id.*

In the present case, Plaintiff names Thomas Dart, Sheriff of Cook County as being sued in his individual and official capacities, however, fails to allege any personal involvement by Dart in the Complaint's four corners that rise to the level of depriving Plaintiff of his constitutional rights. (Complaint, p. 1 ¶ 3). Merely mentioning the Defendant in his individual capacity fails to give adequate notice of his personal involvement, makes no allegations as to his individual causal link to the constitutional violation, and flies in the face of what the Supreme Court has held to be the standard of notice in *Iqbal*. The statement of facts is simply silent as to any specific allegations against Dart personally that he violated Plaintiff's constitutional rights.

In this case, Plaintiff's Complaint alleges only that Plaintiff was injured as a result of a custom or policy of the Sheriff of Cook County. "The allegation that [an] official policy is

*responsible* for the deprivation of rights," is nothing more than a claim against the government body itself. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690 (1978).

The Office of the Sheriff of Cook County violates an inmate's constitutional rights if it continues to maintain a policy that infringes upon the constitutional rights of an inmate. *Estate of Novack v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000) (A government entity violates an inmate's constitutional rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners). Thus, where a pleading such as Plaintiff's only alleges that her injuries were caused by the policies or practices of Thomas Dart as the Sheriff of Cook County she has only established a *Monell* theory of liability. A governmental body's policies, in this case, are the *moving* force behind the constitutional violation therefore, only an official capacity claim under *Monell* may survive. *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). In other words, it is alleged that the execution of the Sheriff's shackling policy or custom is the direct and proximate cause of Plaintiff's injuries and therefore Thomas Dart, as Sheriff of Cook County, is alleged to be responsible as a government entity exclusively. See *Id.* at 531 ("it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

Plaintiff merely names Thomas Dart in the caption of her Complaint, and fails to allege any *personal* involvement by Defendant that rises to the level of depriving Plaintiff of her constitutional rights. The Complaint is simply devoid of any allegations that state or even allude to facts that Dart had an active hand in the implementation of a shackling policy, ultimate approval of such a policy, or personally deliberately ignored such a policy. To the contrary, Plaintiff's only allegations of personal involvement were that unnamed and unknown individual

5

Sheriff's Deputy was responsible for the shackling of Plaintiff that caused her injury. (Complaint, ¶ 12). Merely stating legal conclusions, without showing sufficient factual assertions, is not enough to maintain the presumption of truth that is required to show a constitutional violation as Plaintiff has done here. In keeping in line with *Iqbal*, Plaintiff again makes nothing more than a bare recitation of the elements of a constitutional claim that does not measure up in comparison to those alleged in *Iqbal*, which were found to be insufficient.

Wherefore, because Plaintiff fails to state a cause of action against Thomas Dart in his individual capacity Thomas Dart, Sheriff of Cook County moves that the Plaintiff's Complaint be dismissed with prejudice as to him individually.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ *Aaron R. Bond*_____
Aaron R. Bond
Assistant State's Attorney
Richard J. Daley Center
50 West Washington, Suite 500
Chicago, IL 60602
(312) 603-5153